# EXHIBIT "1"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 08 2017

Sherri R. Carter, Executive Officer/Clerk
By: [signature], Deputy
Moses Soto

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
SUNTRUST MORTGAGE, INC. A VIRGINIA CORPORATION
BABGEN SHABAZIAN, AN INDIVIDUAL DOES 1-50, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
ANI GHAZARYAN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles County Superior Court
Stanley Mosk Courthouse-Central District
111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):* BC 675303

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ani Ghazaryan, 6450 Olcott Street, Tujunga, CA 91042

DATE: 09/08/2017 *(Fecha)* SEP 08 2017 SHERRI R. CARTER Clerk, by *(Secretario)* M. Soto, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: SunTrust Mortgage, Inc

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
ANI GHAZARYAN
6450 OLCOTT STREET
TUJUNGA, CA 91042
TELEPHONE NO.: 818-730-7570 FAX NO.:
ATTORNEY FOR (Name):

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles
SEP 08 2017
Sherri R. Carter, Executive Officer/Clerk
By: [signature], Deputy
Moses Soto

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: STANLEY MOSK-CENTRAL DISTRICT

CASE NAME:

## CIVIL CASE COVER SHEET

[✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: BC 675303
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [✓] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [ ] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (*specify*):
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: 09/08/2017
Ani Ghazaryan
(TYPE OR PRINT NAME) [signature] (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item **1**, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: GHAZARIAN v. SUNTRUST et al | CASE NUMBER BC 675303 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

| SHORT TITLE: GHAZARIAN v. SUNTRUST et al | CASE NUMBER: |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☒ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: GHAZARIAN v. SUNTRUST et al | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| Judicial Review | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Judicial Review | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| Judicial Review | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| Provisionally Complex Litigation | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| Provisionally Complex Litigation | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| Provisionally Complex Litigation | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| Provisionally Complex Litigation | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| Provisionally Complex Litigation | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| Miscellaneous Civil Complaints | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| Miscellaneous Civil Petitions | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

| SHORT TITLE: GHAZARIAN v. SUNTRUST et al | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☑ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | ADDRESS: 6450 OLCOTT STREET |
|---|---|---|---|
| CITY: TUJUNGA | STATE: CA | ZIP CODE: 91042 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 09.08.2017

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles
SEP 08 2017
Sherri R. Carter, Executive Officer/Clerk
By: Deputy
Moses Soto

Ani Ghazaryan, Plaintiff In Pro Per
6450 Olcott Street
Tujunga, California 91042
Telephone: 818-730-7570
Email: Ani7v@yahoo.com

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES-CENTRAL DISTRICT**

| | |
|---|---|
| ANI GHAZARYAN, an individual<br>Plaintiff,<br>vs.<br>BABGEN SHABAZIAN, an individual; SUNTRUST MORTGAGE, INC., a Virginia corporation; and DOES 1 through 50, inclusive<br>Defendants | Case No.: BC 675303<br>**COMPLAINT FOR DAMAGES**<br>**DEMAND FOR JURY TRIAL**<br>Action Filed: September 8, 2017<br>Trial Date: None Set |

## GENERAL ALLEGATIONS

1. At all times mentioned herein, plaintiff ANI GHAZARYAN (hereinafter "Plaintiff") was – and is – an individual residing in the County of Los Angeles, State of California.

2. Defendant BABGEN SHABAZIAN (hereinafter "SHABAZIAN") is and at all times relevant herein was a resident of the State of California, County of Los Angeles, and was originally, and may continue to be, the landlord for the residential rental premises described below, and a party to the written lease referenced below.

3. The premises leased by SHABAZIAN to Plaintiff was a house located at the address commonly known as 6450 Olcott Street, Tujunga, California 91042 (hereinafter "the Premises").

4. Defendant SUNTRUST MORTGAGE, INC. (hereinafter "SUNTRUST") is a Virginia corporation, and purports to be, and may in fact be, the current owner of the Premises.

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, but will amend this Complaint to state their true names and capacities once they have been ascertained.

6. Upon information and belief, Plaintiff alleges each Defendant, either individually named or designated as a DOE, was the agent, partner, or successor of each other Defendant, and, in doing the things hereinafter alleged, was acting within the scope and purpose of such agency or partnership with full knowledge of the facts and with the ratification and approval of each other Defendant.

## FACTUAL BACKGROUND

7. Plaintiff signed a residential lease with defendant SHABAZIAN for the rental of the Premises. Subsequently Plaintiff moved into the Premises with her husband and children.

8. Before Plaintiff signed the lease, SHABAZIAN promised Plaintiff that various repairs would be made to the Premises before Plaintiff moved in – among them, repairing leaks in the roof, fixing windows, remodeling certain aspects of the kitchen, fixing leaking plumbing, fixing defective electrical outlets and electrical wiring, fixing mold in the ceiling, fixing termite and rodent presence, among other things.

9. Nevertheless, defendants failed to make the promised repairs prior to Plaintiff and her family taking possession. Defendant SHABAZIAN attributed the delay to other parties, but repeatedly reassured Plaintiff that the repairs would be made promptly.

10. Defendants' pattern of delay, excuse, and reassurance continued for years.

11. Due to Defendants' failure to make the promised repairs, and infestation of toxic mold resulted, which injured the health of Plaintiff and her children, forcing Plaintiff

to obtain medical treatment. As a result of the toxic mold infestation, stemming from Defendant's failure to repair leaking roofs during rainy seasons, Plaintiff has suffered respiratory harm, and experienced symptoms such as breathlessness, exhaustion, headaches, dizziness, lethargy, inability to work, sleeplessness, and depressing.

12. During all relevant dates herein, Plaintiff lived at the Premises and as a consequence of the conditions, Plaintiff has sustained injuries and health problems caused or exacerbated by the conditions. As a consequence of the conditions and the physical injuries caused by the conditions, Plaintiff has also sustained severe mental suffering, frustration and anxiety.

13. After SUNTRUST claimed it become the owner of the Premises, the on-going mold issue along with other issues was communicated to SUNTRUST, which knowingly risked the health and safety of Plaintiff and her family by failing to take any steps at all to implement repairs necessary to rectify the problems.

14. Despite repeated notice from Plaintiff, and Plaintiff's full willingness to cooperate with Defendants in making all necessary repairs, Defendants continued to ignore the problems.

15. At various times Plaintiff – or her husband, or certain people acting on their behalf – made repairs to the Premises on their own.

16. In defiance of all Plaintiff's requests, Defendants failed to adequately repair the defective condition at the Premises.

**FIRST CAUSE OF ACTION**

(For Violation of Civil Code §1942.4 Against SHABAZIAN, SUNTRUST and DOES 1 through 50, inclusive)

17. Plaintiff re-alleges, and incorporates by reference every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

18. The Property substantially lacks, and at all material times, has lacked the affirmative standard characteristics identified in Section 1941.1 of the Civil Code and Section 17920.10 of the Health and Safety Code, as alleged above.

19. Defendants, as the landlord of the Premises, owed Plaintiff – a lawful, paying tenant – a duty. Defendants breached that duty. Defendants failed to exercise ordinary care and skill in the management of the Premises by failing to adequately maintain the Premises, and by failing to repair various defects in the Premises by failing to repair various defects in the Premises which were known to the defendants prior to the commencement of Plaintiff's tenancy, and which were repeatedly made known to defendants after the commencement of the tenancy.

20. As a proximate result of the negligence of defendants, Plaintiff has suffered harm. More specifically, Plaintiff has suffered harm to her physical health, including her respiratory system. As a result, Plaintiff has been forced to seek medical treatment, and has been forced to miss work.

21. Additionally, Plaintiff has suffered economic harm in that some of her possessions were damaged or completely destroyed by water leakage and/or flooding. Such damage would not have occurred had defendants properly fixed damage to the roof and windows at the Premises.

22. As a direct and proximate result of the foregoing, Plaintiff is entitled to statutory damages pursuant to Section (b)(I) and reasonable attorney's fees and costs pursuant to Section (b)(2).

**SECOND CAUSE OF ACTION**

(For Tortuous Breach of Warranty of Habitability by Plaintiff against Defendants SHABAZIAN, SUNTRUST and DOES 1 through 50, inclusive)

23. Plaintiff re-alleges, and incorporates by reference every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

24. The defective conditions alleged herein constitute violations of state and local housing laws and posed severe health and safety hazards and breached the implied warranty of habitability.

25. Defendants warranted the habitability of the Premises to Plaintiff.

26. Defendants had actual and constructive notice of the defective conditions alleged herein, but despite such notice, failed to adequately repair and abate the conditions at the Premises.

27. By their acts, including but not limited to those alleged above, Defendants breached the warranty despite notice and an opportunity to repair all defects in the Premises.

28. Plaintiff did not cause, create or contribute to the existence of the defective conditions alleged herein.

29. By failing to correct said defective conditions, Defendants have breached the warranty of habitability implied in all rental contracts under California law.

30. As a direct and proximate result of Defendants' breach of the warranty, Plaintiff has been harmed in an amount subject to proof, and has endured pain, suffering, and mental anguish.

31. Defendants knew or should have known that permitting said defective conditions to exist threatened the physical and emotional health and wellbeing of Plaintiff, and posed a serious threat and danger to their health and safely.

32. In performing the acts and/or omissions alleged herein, Defendants acted willfully, oppressively, and with malice, whereby Plaintiff is entitled to an award of punitive and/or exemplary damages pursuant to Civil Code section 3294. Plaintiff has sustained special, general and property damage in amounts to be determined at trial.

**THIRD CAUSE OF ACTION**

(For Breach of the Covenant of Quiet Enjoyment against Defendant SHABAZIAN, SUNTRUST and DOES 1 through 50, inclusive)

33. Plaintiff re-alleges, and incorporates by reference every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

34. Implied in the rental agreement between Defendants and Plaintiff is a covenant that the Defendants would not and will not interfere with Plaintiff's quiet enjoyment of The Property during the term of their respective tenancies. This covenant of quiet enjoyment is codified in California Civil Code Section 1927.

35. Defendants have breached the implied covenant of quiet enjoyment as alleged herein, including, but not limited to: their failure and refusal to repair the alleged habitability violations and to maintain the Premises in a habitable condition and in a condition consistent with the purpose for which it was rented.

36. As a direct and proximate result of Defendants' breach of the covenant of quiet enjoyment, the value of the leasehold held by Plaintiff has been materially diminished. Consequently, Plaintiff has been damaged in an amount to be established at trial.

37. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained general, special and property damage in amounts to be determined at trial.

**FOURTH CAUSE OF ACTION**

(For Nuisance against Defendant SHABAZIAN, SUNTRUST and DOES 1 through 50, inclusive)

38. Plaintiff re-alleges, and incorporates by reference every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

39. The conditions of the Premises that Defendants, and each of them, negligently and intentionally caused to exist constitute a nuisance within, but not limited to the meaning of Civil Code Section 3479, et seq. in that said defective conditions were and are injurious to the health and safety of Plaintiff, indecent and offensive to the senses of Plaintiff and did and continue to interfere substantially with Plaintiff's comfortable enjoyment of The Property.

40. Such nuisances have been and are ongoing.

41. Such nuisances have caused, and will continue to cause in the future, Plaintiff to suffer general and special damages.

42. Pursuant to Civil Code Section 3501, Plaintiff brings this civil action for private nuisance.

43. The dangerous and defective conditions at the Premises constituted a nuisance, and deprives Plaintiff of the safe, healthy and comfortable use of the premises.

44. Defendants failed to adequately abate the nuisance as required by law. As a direct and proximate result thereof, Plaintiff has sustained general, special and properly damage in amounts to be determined at trial.

## FIFTH CAUSE OF ACTION

(For Unjust Enrichment Against Defendants SHABAZIAN, SUNTRUST and DOES 1 through 50, inclusive)

45. Plaintiff re-alleges, and incorporates by reference every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

46. Repeatedly during her tenancy, Plaintiff – or people acting on her behalf, including her husband – made substantial repairs and/or renovations to the Premises, often at the behest of SHABAZIAN.

47. The Plaintiff has been unjustly enriched by the actions of the defendants.

48. The fair market value of the repairs, renovations, and remodeling performed, orchestrated, implemented by Plaintiff exceeds $100,000.00.

**SIXTH CAUSE OF ACTION**

(For Negligence Against Defendants SHABAZIAN, SUNTRUST and DOES 1 through 50, inclusive)

49. Plaintiff re-alleges and incorporates by reference every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

50. As owners, operators and managers of the Premises, the Defendants owed Plaintiff the duty to exercise reasonable care in the ownership, management and control of the Premises.

51. These duties owed by Defendants to Plaintiff to exercise reasonable care include, but are not limited to: the duty to refrain from interfering with Plaintiff's full use of and quiet enjoyment of their rented premises; the duty to comply with all applicable state and local laws governing Plaintiff's rights as tenant; the duty to maintain Plaintiff's premises in a safe, healthy and habitable condition for the entire term of Plaintiff's tenancy and the duty to not obstruct Plaintiff's full use and occupancy of their rented residences.

52. Defendants, by the conduct alleged above, so negligently and carelessly maintained, operated, and managed the Premises as to breach the duties that they owed to Plaintiff.

53. As a direct and proximate result of these breaches of duty by Defendants, Plaintiff has sustained general, special and property damage in amounts to be determined at trial.

**SEVENTH CAUSE OF ACTION**

(For Declaratory Relief Against Defendants SHABAZIAN, SUNTRUST and DOES 1 through 50, inclusive)

54. Plaintiff re-alleges and incorporates by reference every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

55. An actual, existing controversy has arisen between the parties hereto, in that SHABAZIAN and SUNTRUST both purport to be the legitimate owners of the Premises, and both claim, or purport to claim, the right to accept rental from Plaintiff, inasmuch as such rent is owned.

56. Conversely, both SHABAZIAN and SUNTRUST appear also to disclaim the obligations incumbent upon landlords to maintain and repair the Premises, as required under California landlord/tenant law.

57. It is now just and proper, in order to avoid a multiplicity of litigation with the possibility of inconsistent results, and in order to ascertain the legal responsibilities of the parties hereto, that the Court should adjudicate the respective rights and obligations of the parties hereto.

**WHEREFORE**, Plaintiff prays for the following damages and relief:

1. For general and compensatory damages;
2. For attorney's fees;
3. For punitive and exemplary damages;
4. For restitution;
5. For costs of the suit herein; and
6. For such other and further relief as the Court may deem proper.

Dated this September 8, 2017

Respectfully submitted,

By: [signature]

Ani Ghazaryan, Plaintiff In Pro Per