UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-08245 JAK (SSx) | Date | August 2, 2018 |
| Title | Ani Ghazaryan v. Babgen Shabazian, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANT SUNTRUST MORTGAGE, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. 20)**

## I.  Introduction

On September 8, 2017, Ani Ghazaryan ("Plaintiff") brought this action in the Los Angeles Superior Court against Babgen Shabazian ("Shabazian") and SunTrust Mortgage, Inc. ("SunTrust"). Compl., Dkt. 1-2.[1] Plaintiff subsequently dismissed all claims against Shabazian without prejudice. Dkt. 1-3. SunTrust ("Defendant") then removed the action on the basis of diversity jurisdiction. Notice of Removal, Dkt. 1. The Complaint asserts the following seven causes of action based on the alleged failure of Defendant and Shabazian to maintain certain leased, residential property in habitable condition: (i) violation of Cal. Civ. Code § 1942.4; (ii) breach of the warranty of habitability; (iii) breach of the covenant of quiet enjoyment; (iv) nuisance; (v) unjust enrichment; (vi) negligence; and (vii) declaratory relief. Compl. ¶¶ 17-57.

On April 9, 2018, Defendant filed a motion for judgment on the pleadings ("Motion"). Dkt. 20. Plaintiff opposed the Motion (Dkt. 29), and Defendant replied. Dkt. 30. On July 9, 2018, a hearing was held on the Motion and it was taken under submission. Dkt. 39. For the reasons stated in this Order, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## II.  Factual Background

### A.  The Parties

At all times relevant to this action, Plaintiff leased and resided in the residential property that is at issue in this action (the "Property"). Compl. ¶¶ 7, 12. She began leasing the Property from Shabazian on October 15, 2011. Ex. 3 to Request for Judicial Notice ("RJN"), Dkt. 21-1 at 19 (Lease); *see also* Compl. ¶ 7. Defendant is a Virginia corporation whose principal place of business is there. Notice of Removal ¶ 11(b). It purchased the Property at a trustee's sale on October 15, 2013. Ex. 6 to RJN, Dkt. 21-1 at 35.

---

[1] At the time the Complaint was filed, Plaintiff was self-represented. She is now represented by counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-08245 JAK (SSx) | Date | August 2, 2018 |
|---|---|---|---|
| Title | Ani Ghazaryan v. Babgen Shabazian, et al. | | |

      B.      Request for Judicial Notice

Pursuant to Fed. R. Evid. 201, Defendant seeks judicial notice of certain documents that are maintained in the records of the Los Angeles County Office of the Recorder, which Defendant contends pertain to the Property. They are the following: (i) Deed of Trust recorded on September 23, 2011; (ii) Assignment recorded on October 19, 2012; (iii) Notice of Default recorded on May 2, 2013; (iv) Notice of Trustee's Sale recorded on August 14, 2013 and (v) Trustee's Deed Upon Sale recorded on October 22, 2013. *See* RNJ, Dkt. 21. Defendant also seeks judicial notice of the lease Plaintiff entered with Shabazian with respect to the Property (the "Lease").

Plaintiff objects to Defendant's request for judicial notice. Opposition at 5. She contends that, although the acts of a county recorder may be subject to judicial notice, such notice may not be taken of "any and all factual assertions or recitations" within a recorded document. This argument is not persuasive. It is well-established that, pursuant to Fed. R. Evid. 201, a court may take judicial notice of "matters of public record," *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), including documents recorded by a county recorder's office, *Grant v. Aurora Servs., Inc.*, 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010). Further, the text of the documents at issue does not exceed the terms of the relevant agreements or instruments.

Judicial notice may also be taken of the Lease. *Roe v. Uncoal Corp.*, 70 F. Supp. 2d 1073, 1075 (C.D. Cal. 1999) ("[E]ven if a document is [not] submitted with the complaint . . . , the district court may consider the document . . .  so long as the complaint necessarily relies on the document and the document's authenticity is not contested."). For the reasons stated below, the claims advanced in the Complaint necessarily rely on the Lease. *See, e.g.*, Compl. ¶ 7 ("Plaintiff signed a residential lease with defendant SHABAZIAN for the rental of the Premises."). Further, Plaintiff, has not contested the authenticity of the Lease.

For the foregoing reasons, the RJN is **GRANTED**. Fed. R. Evid. 201(c)(2).

      C.      The Property

On September 15, 2011, Shabazian borrowed $477,578 from PMC Bancorp. Ex. 1 to RJN, Dkt. 21-1 at 2 (Deed of Trust). This loan (the "Loan") was memorialized in a promissory note that was secured by a Deed of Trust as to the Property. The Property is located at 6450 Olcott Street, Tujunga, California. *Id.* The Deed of Trust identifies Shabazian as the Borrower, PMC Bancorp as the Lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as the Beneficiary and CalCounties Title Nation Company as the Trustee. The Deed of Trust was recorded on September 23, 2011. *Id.*

As noted, on October 15, 2011, Plaintiff leased the Property from Shabazian. Ex. 3 to RJN, Dkt. 21-1 at 19 (Lease). The Lease was for a specified term, which expired on November 1, 2014. *Id.* At the hearing on July 9, counsel for Defendant confirmed that Plaintiff still resides at the Property.

On October 9, 2012, MERS assigned the Deed of Trust to Defendant. Ex. 2 to RJN, Dkt. 21-1 at 16 (Assignment). The assignment was recorded on October 19, 2012. *Id.* At some time during the period from 2012 to 2013, Shabazian stopped making the payments that were due under the terms of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-08245 JAK (SSx) | | Date | August 2, 2018 |
|---|---|---|---|---|
| Title | Ani Ghazaryan v. Babgen Shabazian, et al. | | | |

promissory note and Loan. Ex. 4 to RJN, Dkt. 21-1 at 25 (Notice of Default). Consequently, a notice of default was recorded on May 2, 2013. *Id.* On August 14, 2013, a notice of trustee's sale was recorded. Ex. 5 to RJN, Dkt. 21-1 at 30 (Notice of Trustee's Sale). On October 15, 2013, the Property was sold at the trustee's sale to Defendant for consideration of $513,232.02. Ex. 6 to RJN, Dkt. 21-2 at 35 (Trustee's Deed Upon Sale). The Trustee's Deed Upon sale was recorded on October 22, 2013. *Id.*

      D.      Allegations in the Complaint

The Complaint alleges that before Plaintiff signed the Lease, Shabazian promised her that he would repair many defects of the Property, including roof and plumbing leaks, mold and defective electrical outlets. Compl. ¶ 8. It alleges that once Plaintiff and her family moved into the Property, Shabazian repeatedly refused to make the promised repairs. *Id.* ¶¶ 8-11. It is alleged that this caused a toxic mold infestation, which in turn caused Plaintiff and her family members to suffer from several health problems. *Id.* ¶ 11.

The Complaint alleges that after Defendant purchased the Property, Plaintiff informed Defendant of the defects. *Id.* ¶ 13. It is alleged that Defendant has refused to make any of the necessary repairs. *Id.* ¶ 14. The Complaint alleges that Plaintiff spent approximately $100,000 making repairs and renovations to the Property. *Id.* ¶ 48; *see also id.* ¶ 15. It is also alleged that some of these repairs were made "at the behest of" Shabazian. *Id.* ¶ 46.

The Complaint seeks declaratory relief, general and compensatory damages, punitive damages, attorney's fees, costs and restitution.

**III.**     **Analysis**

      A.      Legal Standards

            1.      Motion for Judgment on the Pleadings -- Fed. R. Civ. P. 12(c)

Fed. R. Civ. P. 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion for judgment on the pleadings under Rule 12(c) parallels one brought under Rule 12(b)(6). Thus, it challenges the legal sufficiency of the pleadings. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999). The alleged facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. *See Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005). "Rule 12(c) is 'functionally identical' to Rule 12(b)(6)[,] and . . . 'the same standard of review' applies to motions brought under either rule." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). Thus, a complaint should be dismissed without leave to amend only if "the Court is satisfied that an amendment could not cure the deficiency." *Harris v. County of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012).

When considering a motion for judgment on the pleadings, a court may consider facts that "are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-08245 JAK (SSx) | Date | August 2, 2018 |
| Title | Ani Ghazaryan v. Babgen Shabazian, et al. | | |

contained in materials of which the court may take judicial notice." *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999).

    2.    Statute of Limitations

"In a federal diversity action brought under state law, the state statute of limitations controls." *Bancorp Leasing & Fin. Corp. v. Augusta Aviation Corp.*, 813 F.2d 272, 274 (9th Cir. 1987). State law governs not only as to the length of the limitations period, but also as to when and how a claim accrues. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 900 (9th Cir. 2006); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). Under California law, a "cause of action accrues 'upon the occurrence of the last element essential to the cause of action.'" *Seelenfreund v. Terminix of N. Cal., Inc.*, 84 Cal. App. 3d 133, 136 (1978) (quoting *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal. 3d 176, 187 (1971)).

Defendant argues that four of the claims advanced in the Complaint -- violation of Cal. Civ. Code § 1942.4, negligence, nuisance, and breach of the warranty of habitability -- are time-barred. It contends that the applicable statutes of limitations have run as to these claims because they accrued when Shabazian was the owner of the Property, *i.e.*, in 2013 at the latest, and the Complaint was not filed until 2017.

Under California law, the limitations period for negligence is two years. Cal. Civ. Proc. Code § 335.1. The same statutory period applies to claims for tortious breach of the warranty of habitability. *Id.* The limitations period for nuisance claims is three years. *Id.* § 338. Unpublished decisions in California have applied different statutes of limitations to claims brought under Cal. Civ. Code § 1942.4. *Compare McNairy v. C.K. Realty*, 150 Cal. App. 4th 1500, 1502 (2007) (rejecting, in an unpublished portion of the opinion, the argument advanced by the defendant-landlord that the trial court erred in applying a three-year, rather than a one-year limitations period to a §1942.4 claim)*, with Cummings v. Hale*, No. 15-cv-04723-JCS, 2017 WL 3669622, at *13 (N.D. Cal. May 17, 2017) (applying Cal. Civ. Proc. Code § 340(a)'s one-year limitations period to a § 1942.4 claim because landlords are liable for special damages under § 1942.4 in addition to actual damages).

These arguments are addressed below in connection with each claim.

    B.    Application

        1.    First Cause of Action: Cal. Civ. Code § 1942.4

            a)    Legal Standards

California Civil Code § 1942.4 provides that a tenant may recover his or her actual damages, as well as special damages of no less than $100 and no more than $5000, if his or her landlord "demand[s]" or "collect[s]" rent and all of the following conditions exist:

> (1) the existence of an uninhabitable condition to an extent that endangers the life, limb, health, property, safety or welfare of the public or the occupants of the dwelling; (2) a public officer who is responsible for the enforcement of inspecting the premises has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-08245 JAK (SSx) | Date | August 2, 2018 |
|---|---|---|---|
| Title | Ani Ghazaryan v. Babgen Shabazian, et al. | | |

    notified the landlord or the landlord's agent in writing of his or her obligations to abate or repair the substandard condition; (3) the conditions have existed and have not been abated thirty-five days beyond the day of notice, and the delay is without good cause; and (4) the condition was not caused by an act or omission of the tenant.

*Huang v. Miller*, No. CV 12-943 CAS (AJWx), 2012 WL 2343285, at *5 (C.D. Cal. June 18, 2012) (citing Cal. Civ. Code § 1942.4(a)).

The remedy provided by § 1942.4 is "in addition to any other remedy provided by this chapter, the rental agreement, lease, or other applicable statutory or common law." Cal. Civ. Code § 1942.4(f).

        b)       Application

Defendant contends that the Complaint fails to allege each element of a § 1942.4 claim. This argument is persuasive. The Complaint alleges that the Property has numerous defects that render it uninhabitable, that Plaintiff has informed Defendant of these defects, and that Defendant has failed to make the necessary repairs. Compl. ¶¶ 8, 18-19. The Complaint does not, however, allege that a "public officer or employee" inspected the Property and informed Defendant in writing of its "obligation[] to abate the nuisance or repair the substandard conditions." Cal. Civ. Code § 1942.4(a)(2). It also does not allege that the "conditions have existed and have not been abated 35 days beyond the date of service of the notice." *Id.* § 1942.4(a)(3). Accordingly, the Complaint fails to state a plausible claim under § 1942.4. *See Huang*, 2012 WL 2343285, at *5 (dismissing the plaintiff's § 1942.4 claim based on similar allegations).

The outcome is different with respect to Defendant's argument that this claim is time-barred as a matter of law because the alleged defects on the Property date back to at least 2013. A landlord violates § 1942.4 each time it demands or collects rent if the aforementioned four conditions are satisfied. *See Cummings*, 2017 WL 3669622, at *13 (landlord violated § 1924.2 "each time she collected rent beginning thirty-five days after the notice of violation"). The Complaint alleges that "[d]uring all relevant dates herein, Plaintiff lived" at the Property. Compl. ¶ 12. Additionally, counsel for Defendant stated at the hearing that Plaintiff still resides there. Accordingly, because based on the allegations in the Complaint, it cannot be definitively determined that Defendant has not demanded and/or collected rent from Plaintiff within the applicable statute of limitations, this claim is not time-barred as a matter of law.

For the foregoing reason, the Motion is **GRANTED** as to the first cause of action, and it is **DISMISSED** with leave to amend.

        2.       <u>Second Cause of Action: Tortious Breach of the Warranty of Habitability</u>

            a)       Legal Standards

Under California law, a warranty of habitability is implied in every residential lease. *Green v. Superior Court*, 10 Cal. 3d 616, 619-20 (1974) (en banc). "This implied warranty of habitability does not require that a landlord ensure that leased premises are in perfect, aesthetically pleasing condition, but it does mean that bare living requirements must be maintained." *Id.* at 637 (internal quotation marks omitted). A tenant "may state a cause of action in tort against his landlord for damages resulting from a breach of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-08245 JAK (SSx) | | Date | August 2, 2018 |
|---|---|---|---|---|
| Title | Ani Ghazaryan v. Babgen Shabazian, et al. | | | |

the implied warranty of habitability." *Stoiber v. Honeychuck*, 101 Cal. App. 3d 903, 918-19 (1980). A tenant may also raise the implied warranty of habitability to defend against an action brought by his or her landlord for the non-payment of rent. *Id.* at 631.

In *Quevedo v. Braga*, 72 Cal. App. 3d Supp. 1 (1977), the California Court of Appeal identified the following five elements of a breach of the implied warranty of habitability claim:

> One. The existence of a materially defective condition affecting habitability.
>
> Two. The defective condition was unknown to the tenant at the time of occupancy.
>
> Three. The effect on habitability of the defective condition was not apparent upon a reasonable inspection.
>
> Four. Notice was given to the landlord within a reasonable time after the tenant discovered or should have discovered the breach of warranty.
>
> Five. The landlord was given a reasonable time to correct the defect while the defendant remained in possession.

*Id.* at 7-8 (internal citations omitted).

The California Supreme Court subsequently clarified that element two is not required to defend successfully an unlawful detainer action on a theory of breach of the implied warranty of habitability.[2] *Knight v. Hallsthammar*, 29 Cal. 3d 46, 58 (1981). Also relevant here is the following statement in *Knight*:

> [T]he fact that a tenant was or was not aware of specific defects is not determinative of the duty of a landlord to maintain premises which are habitable. The same reasons which imply the existence of the warranty of habitability - the inequality of bargaining power, the shortage of housing, and the impracticability of imposing upon tenants a duty of inspection - also compel the conclusion that a tenant's lack of knowledge of defects is not a prerequisite to the landlord's breach of the warranty.

*Id.* at 54; *see also id.* at 59 ("[A] residential tenant may not be deemed to have exempted a landlord from the implied warranty of habitability by continuing to live in uninhabitable premises, and breach of the warranty does not and should not depend upon a tenant's lack of knowledge of the conditions which make the premises uninhabitable.").

In light of these standards, the elements of an affirmative claim for tortious breach of a warranty of habitability are:

---

[2] *Knight* also held that element five is not required because a breach of the implied warranty of habitability "exists whether or not [the landlord] has had a 'reasonable' time to repair." A contrary holding could not be reconciled with the well-established principle of "the mutual dependence of a landlord's obligation to maintain habitable premises, and of a tenant's duty to pay rent." *Id.* at 55 (citing *Green*, 10 Cal. 3d at 634-35).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-08245 JAK (SSx) | Date | August 2, 2018 |
|---|---|---|---|
| Title | Ani Ghazaryan v. Babgen Shabazian, et al. | | |

> [T]he existence of a material defective condition affecting the premises' habitability, notice to the landlord of the condition within a reasonable time after the tenant's discovery of the condition, the landlord was given a reasonable time to correct the deficiency, and resulting damages.

*Erlach v. Sierra Asset Servicing, LLC*, 226 Cal. App. 4th 1281, 1297 (2014) (citing *Quevedo*, 72 Cal. App. 3d at 7-8).

        b)    Application

Defendant contends that the Complaint does not plausibly plead a claim for breach of the implied warranty of habitability because it does not allege that the defective conditions on the Property were unknown to Plaintiff at the time of the initial occupancy. Plaintiff does not address this argument in the Opposition.

The Complaint plausibly pleads that the Property suffers from material defective conditions that affect the premise's habitability. *Erlach*, 226 Cal. App. 4th at 1297; *see* Compl. ¶ 8 (alleging that the Property has "leaking plumbing," "defective electrical outlets and electrical wiring," "mold in the ceiling" and "termite and rodent presence"). That the Complaint alleges that these defects existed when Plaintiff signed the lease with Shabazian in 2011 does not bar this claim as a matter of law. As noted, "the fact that a tenant was or was not aware of specific defects is not determinative of the duty of a landlord to maintain premises which are habitable." *Knight*, 29 Cal. 3d at 54. Although *Knight* considered the appeal of an unlawful detainer action, its reasoning applies with equal force to affirmative claims for breach of the warranty of habitability. *See Erlach*, 226 Cal. App. 4th at 1297 n.8 (*Knight* "confirmed that breach of the implied warranty of habitability can support an independent cause of action for damages, but disapproved[ of] *Quevedo* . . . to the extent it required that a tenant be unaware of the defective condition upon occupancy"). Additionally, that Defendant was not the owner of the property when the defective conditions allegedly first arose is immaterial. *See Knight*, 29 Cal. 3d at 57-58 (the implied warranty of habitability is breached as long as the premises remain uninhabitable and therefore "the fact that the uninhabitable conditions first existed under a former owner" is irrelevant). Further, the Complaint alleges that Plaintiff informed Defendant of the defects after it purchased the Property at the trustee's sale. Compl. ¶ 13.

It also cannot be determined, based on the allegations in the Complaint, that this claim is time-barred as a matter of law. The Complaint alleges that none of the defects on the Property has been remedied and that Plaintiff has, at all relevant times, resided there. As noted, counsel for Defendant confirmed at the hearing that Plaintiff continues to reside at the Property. This is sufficient with respect to the Motion to show that the injury is ongoing. *Cf. Knight*, 29 Cal. 3d at 59 ("[A] residential tenant may not be deemed to have exempted a landlord from the implied warranty of habitability by continuing to live in uninhabitable premises . . .").

For the foregoing reasons, the Motion is **DENIED** as to the second cause of action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-08245 JAK (SSx) | Date | August 2, 2018 |
| Title | Ani Ghazaryan v. Babgen Shabazian, et al. | | |

      3.      <u>Third Cause of Action: Breach of the Implied Covenant of Quiet Enjoyment</u>

          a)      Legal Standards

California law implies in every lease a covenant of quiet enjoyment "whereby the landlord impliedly covenants that the tenant shall have quiet enjoyment and possession of the premises." *Andrews v. Mobile Aire Estates*, 125 Cal. App. 4th 578, 588 (2005). This covenant "insulates the tenant against any act or omission on the part of the landlord, or anyone claiming under him, which interferes with a tenant's right to use and enjoy the premises for the purposes contemplated by the tenancy." *Petrol. Collections, Inc. v. Swords*, 48 Cal. App. 3d 841, 846 (1975); *Ginsberg v. Gamson*, 205 Cal. App. 4th 873, 898 (2012) ("[B]reach of the implied covenant of quiet enjoyment can be understood as a title encompassing claims for wrongful eviction, and also claims in which the tenant's use of the premises is disturbed, but the tenant remains in possession."). For example, the covenant of quiet enjoyment can be breached through a "landlord's failure to fulfill an obligation to repair or to replace an essential structure or to provide a necessary service" if "the failure substantially affects the tenant's beneficial enjoyment of the premises." *Petrol. Collections*, 48 Cal. App. 3d at 846.

The implied covenant of quiet enjoyment is partially codified in Cal. Civ. Code § 1927, which "guarantees the tenant against rightful assertion of paramount title." *Andrews*, 125 Cal. App. 4th at 588-89 (quoting *Guntert v. City of Stockton*, 55 Cal. App. 3d 131, 138 (1976)); *see* Cal. Civ. Code § 1927 ("An agreement to let upon hire binds the letter to secure to the hirer the quiet possession of the thing hired during the term of the hiring, against all persons lawfully claiming the same.").

Because "[t]he implied covenant of quiet enjoyment implies a term in a contract . . . a breach of the covenant gives rise to an action in contract." *Ginsberg*, 205 Cal App. 4th at 896; *see also Andrews*, 125 Cal. App. 4th at 590 ("[A] tenant may elect 'to stand upon the lease, remain in possession and sue for breach of contract damages.'" (quoting *Guntert*, 55 Cal. App. 3d at 141)). "A cause of action for breach of contract requires pleading of a contract, plaintiff's performance or excuse for failure to perform, defendant's breach and damage to plaintiff resulting therefrom." *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1031 (2009).

          b)      Application

Defendant contends that the breach of the covenant of quiet enjoyment claim fails because Plaintiff has not pleaded the existence of a contract, *i.e.*, a lease, between Plaintiff and Defendant. It also contends that Plaintiff has not plausibly pleaded a claim under Cal. Civ. Code § 1927 because the Complaint does not allege that Defendant has interfered with her right to exclusive possession of the Property. Plaintiff does not respond to these arguments in the Opposition.

The Complaint plausibly pleads that Defendant's refusal to repair many defects on the Property "substantially affects" her "beneficial enjoyment of the premises." *Petrol. Collections*, 48 Cal. App. 3d at 846. For example, it alleges that Plaintiff developed respiratory problems as a result of the mold that is present due to Defendant's alleged refusal to repair the roof. Compl. ¶ 11. It also alleges that Plaintiff complied with her obligations under the Lease by timely transmitting rent payments. *Id.* ¶ 19.

Defendant's argument that this claim fails because the Complaint does not plead the existence of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-08245 JAK (SSx) | Date | August 2, 2018 |
|---|---|---|---|
| Title | Ani Ghazaryan v. Babgen Shabazian, et al. | | |

lease between Plaintiff and Defendant is not persuasive. "Where an immediate successor takes subject to a bona fide lease . . . the scope of a California tenant's right of occupancy for the remainder of the lease term must be derived from the lease itself and California law, which implies a contractual covenant of quiet enjoyment." *Nativi v. Deutsche Bank Nat'l Trust Co.*, 223 Cal. App. 4th 261, 291 (2014).³ Defendant purchased the Property at the trustee's sale during the term of the Lease. Accordingly, all of the rights and obligations under the Lease, including the implied covenant of quiet enjoyment, survived the nonjudicial foreclosure. *See* Cal. Civ. Proc. Code § 1161b(b) ("[T]enants . . . holding possession of a rental housing unit under a fixed-term residential lease entered into before transfer of title at the foreclosure sale shall[, subject to certain enumerated exceptions,] have the right to possession until the end of the lease term, and all rights and obligations under the lease shall survive foreclosure.").⁴

For the foregoing reasons, the Complaint plausibly alleges a common law breach of the implied covenant of quiet enjoyment claim. Therefore, the Motion is **DENIED** as to the third cause of action.

    4.    <u>Fourth Cause of Action: Private Nuisance</u>

        a)    Legal Standards

Under California law, "[a]nything which is injurious to health . . . or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property . . . is a nuisance." Cal. Civ. Code § 3479. To prevail under a private nuisance theory, a plaintiff must establish that the defendant substantially and unreasonably interfered with the plaintiff's enjoyment of his or her property. *San Diego Gas & Elec. Co. v. Superior Court*, 13 Cal. 4th 893, 938 (1996); *Coppola v. Smith*, 935 F. Supp. 2d 993, 1018 (E.D. Cal. 2013). "Examples of interferences with the use and enjoyment of land actionable under a private nuisance theory are legion." *Koll-Irvine Ctr. Prop. Owners Ass'n v. County of Orange*, 24 Cal. App. 4th 1036, 1041 (1994). For example, a tenant may sue his or her landlord under a theory of private nuisance for failure to maintain habitable premises. *Stoiber*, 101 Cal. App. 3d at 919-20. That a landlord's "alleged misconduct consists of omission rather than affirmative actions does not preclude nuisance liability." *Id.* at 920.

---

³ *Nativi* considered the impact of the Protecting Tenants at Foreclosure Act of 2009 ("PTFA") on the rights of bona fide tenants of residential real property against a purchaser of the property at a non-judicial foreclosure. The California legislature enacted subsection (b) of Cal. Civ. Proc. Code § 1161b in 2012 in an "attempt[] to bring California law in line with the federal PTFA." *Nativi*, 223 Cal. App. 4th at 274.

⁴ The general rule that tenants under a fixed-term residential lease entered into before a foreclosure sale "have the right to possession until the end of the lease term, and all rights and obligations under the lease shall survive foreclosure" is displaced if any of the following conditions apply, in which case the tenancy may be terminated by the successor in interest if 90 days' written notice to quit is provided:

> (1) The purchaser or successor in interest will occupy the housing unit as primary residence. (2) The lessee is the mortgagor or the child, spouse or parent of the mortgagor. (3) The lease was not the result of an arms' length transaction. (4) The lease requires the receipt of rent that is substantially less than the fair market rent for the property, except when rent is reduced or subsidized due to a federal, state, or local subsidy or law.

Cal. Civ. Proc. Code § 1161b(b). None of the exceptions is at issue in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-08245 JAK (SSx) | Date | August 2, 2018 |
| Title | Ani Ghazaryan v. Babgen Shabazian, et al. | | |

As noted, nuisance claims are subject to a three-year limitations period. Cal. Civ. Proc. Code § 338. When a nuisance claim accrues depends on whether it is permanent or continuing. If it is permanent, "the statute of limitations begins to run upon creation of the nuisance. Where a continuing nuisance is alleged, every continuation of the nuisance gives rise to a separate claim for damages caused by the nuisance." *Mangini v. Aerojet-Gen. Corp.* (*Mangini III*), 12 Cal. 4th 1087, 1093 (1996). The "crucial test of the permanency" of a nuisance is whether it "can be discontinued or abated." *Id.* at 1097. Thus, a nuisance is considered continuing when it "can be remedied at a reasonable cost by reasonable means." *Id.* at 1103. "The classic example of a continuing nuisance is an ongoing or repeated disturbance . . . caused by noise, vibration or foul odor." *Baker v. Burbank-Glendale-Pasadena Airport Auth.*, 39 Cal. 3d 866, 869 (1985).

        b)     Application

Defendant argues that this claim is time-barred because "more than three years passed between the onset of the nuisance" and the filing of the Complaint. Motion at 9. In response, Plaintiff argues that the theory alleged in the Complaint is a continuing nuisance. Opposition at 4. In reply, Defendant contends that this theory is not plausibly pleaded because the Complaint does not allege that the defective conditions can be abated. Reply at 5.

The Complaint adequately alleges a private nuisance claim. It plausibly pleads that the numerous defects on the Property, including the mold infestation, the presence of termites and rodents and the leaking roof, have substantially and unreasonably interfered with Plaintiff's enjoyment of the Property. Compl. ¶¶ 8, 11, 21. It also alleges that Plaintiff notified Defendant of these defects and that it refused to repair them. *Id.* ¶¶ 13-14; *see Stoiber*, 101 Cal. App. 3d at 919 (plaintiff-tenant plausibly pleaded a private nuisance claim against her landlord where the complaint alleged that the landlord had "actual knowledge of defective conditions in the premises including leaking sewage, deteriorated flooring, falling ceiling, leaking roof, broken windows, and other unsafe and dangerous conditions"). Further, it alleges that the defects "have been and are ongoing." *Id.* ¶ 40. Therefore, the theory advanced in the Complaint plausibly alleges a continuing nuisance. Thus, the types of defects alleged -- rodent and mold infestations and leaking fixtures -- give rise to the plausible inference that the nuisance "can be remedied at a reasonable cost by reasonable means. *Mangini III*, 12 Cal. 4th at 1103.

For the foregoing reasons, the Motion is **DENIED** as to the fourth cause of action.

        5.     Fifth Cause of Action: Unjust Enrichment

            a)     Legal Standards

"Unjust enrichment is synonymous with restitution." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010). The elements of a claim of unjust enrichment are "receipt of a benefit and unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000). "Unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties." *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-08245 JAK (SSx) | | Date | August 2, 2018 |
|---|---|---|---|---|
| Title | Ani Ghazaryan v. Babgen Shabazian, et al. | | | |

        b)      Application

Defendant argues that this claim should be dismissed because any improvements Plaintiff made to the Property were "covered by" the Deed of Trust. Thus, that instrument conveyed to Defendant a security interest in the Property and "all the improvements now or hereafter erected" thereon when it purchased the Property at the trustee's sale. Motion at 10. Plaintiff did not respond to this argument.

Under California law, landlords have a duty of maintenance and repair. *Green*, 10 Cal. 3d at 629-30. Where that duty is breached, statutory and common law remedies are available to tenants. Under Cal. Civ. Code § 1942(a), a tenant may, after providing a landlord with notice and a reasonable time to repair conditions "rendering the premises untenable," vacate the rented property or make the necessary repairs herself and "deduct the expenses of such repairs from the rent when due." The remedy provided by § 1942(a) is not exclusive. *Green*, 10 Cal. 3d at 630 ("[T]he limited nature of the 'repair and deduct' remedy, in itself, suggests that it was not designed to serve as an exclusive remedy for tenants in this area.").

The Complaint alleges that Plaintiff "[r]epeatedly" made "substantial repairs and/or renovations" to the Property during her tenancy. Compl. ¶ 46. Defendant has cited to no legal authority for the proposition that the rights of a landlord and tenant with respect to the duty to repair are to be determined by reference to a Deed of Trust. *Cf. Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605, 613 (1975) ("There cannot be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time."). The Complaint, however, fails plausibly to plead the benefit Defendant received from Plaintiff's repairs. That unspecified "repairs, renovations, and remodeling" worth more than $100,000 were made at unspecified times is a conclusory allegation that is not sufficient to satisfy this element. Compl. ¶ 48.

For the foregoing reasons, the Motion is **GRANTED** as to the fifth cause of action, and it is **DISMISSED** without prejudice.

      6.      <u>Sixth Cause of Action: Negligence</u>

        a)      Legal Standards

Under California law, negligence "consists of a failure to exercise the degree of care in a given situation that a reasonable person under similar circumstances would employ to protect others from harm." *City of Santa Barbara v. Superior Court*, 41 Cal. 4th 747, 753-54 (2007). "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003); *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998).

A landlord owes to its tenant the common law duty of care codified in Cal. Civ. Code § 1714. *Stoiber*, 101 Cal. App. 3d at 917-18; *see* Cal. Civ. Code § 1714(a) ("Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person . . . ."). A tenant injured by a defect in rented property "may bring a negligence action if the landlord breached its duty to exercise reasonable care." *Peterson v. Superior Court*, 10 Cal. 4th 1185, 1206 (1995); *see also Martinez v. Optimus Props.,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-08245 JAK (SSx) | Date | August 2, 2018 |
|---|---|---|---|
| Title | Ani Ghazaryan v. Babgen Shabazian, et al. | | |

*LLC*, No. 2:16-cv-08598-SVW-MRW, 2017 WL 1040743, at *7 (C.D. Cal. Mar. 14, 2017) ("A landlord may be liable in negligence where, as a result of its failure to exercise reasonable care, the premises are uninhabitable and the tenant is injured as a result.").

    b)  Application

Defendant contends that that the Complaint does not plausibly plead the duty of care or proximate cause elements of a negligence claim. Plaintiff does not address these arguments.

Defendant has had a duty of care to Plaintiff to maintain the Property in a habitable condition since it purchased the Property on October 15, 2013. *Schweiger v. Superior Court*, 3 Cal. 3d 507, 516 (1970) ("[L]andlords[,] in the interest of public health and safety[,] have the duty to maintain leased premises in habitable condition . . ."); *see also* Cal. Civ. Proc. Code §1161b(b). The Complaint also plausibly pleads that Defendant's refusal to repair the defective conditions on the Property proximately caused Plaintiff to suffer physical injuries, including respiratory harm. Compl. ¶ 11. Further, it cannot be determined as a matter of law that all of Plaintiff's injuries pre-dated Defendant's acquisition of the Property. Thus, the Complaint does not compel the inference that all of the defects existed prior to the trustee's sale or that the defects did not worsen after that time. For this reason, questions of fact are presented as to whether this claim is time-barred.

For the foregoing reasons, the Motion is **DENIED** as to the sixth cause of action.

   7.  Seventh Cause of Action: Declaratory Relief

    a)  Legal Standards

Pursuant to 28 U.S.C. § 2201(a), "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought," provided there is an "actual controversy" within that court's jurisdiction. Declaratory relief requires an actual, present controversy, and operates prospectively both to relieve uncertainty and to prevent harm that may occur in the future. *Societe de Conditionnement en Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 943 (9th Cir. 1981).

    b)  Application

Defendant contends that this claim should be dismissed because it seeks the same relief as that which is sought through the other causes of action. This position is persuasive.

The Complaint alleges that an actual controversy exists because Defendant and Shabazian "disclaim the obligations incumbent upon landlords to maintain and repair" the Property. Compl. ¶ 56. Plaintiff's request for declaratory relief is duplicative of her claims under Cal. Civ. Code § 1924.2, for breach of the warranty of habitability and for breach of the covenant of quiet of enjoyment. Declaratory relief is unnecessary when the alleged controversy has already ripened into a dispute that can be remedied through other causes of action. *See Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707-08 (N.D. Cal. 2009) (dismissing borrower's declaratory relief claim as duplicative because the claim, which sought a declaration that mortgagors had no right to foreclose, was "entirely commensurate with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-08245 JAK (SSx) | Date | August 2, 2018 |
|---|---|---|---|
| Title | Ani Ghazaryan v. Babgen Shabazian, et al. | | |

relief sought through their other causes of action").

For the foregoing reasons, the Motion is **GRANTED** as to the seventh cause of action, and it is **DISMISSED** with prejudice; provided, however, this determination does not affect the merits of the related claims that are discussed above.

**IV.    Conclusion**

For the foregoing reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff shall file an amended Complaint no later than August 16, 2018.

**IT IS SO ORDERED**.

|  | : |  |
|---|---|---|
| Initials of Preparer | ak | |